UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO REYES,<br><br>   Petitioner,<br><br>   v.<br><br>JEFFREY BEARD,<br><br>   Respondent. | Case No. CV 14-8685-CAS (KES)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT UNDER RULE 60(b) |

## I.
## PRIOR PROCEEDINGS

In October 2009, Petitioner Pedro Reyes was one of four men convicted of the murder of Efrain Leyva and the robbery of Leyva's grocery warehouse business. The trial court sentenced Petitioner to state prison for life without the possibility of parole.

On November 10, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) On November 12, 2015, the Magistrate Judge issued a Report and Recommendation finding the Petition untimely. (Dkt. 31.) The Magistrate Judge

determined that Petitioner was not entitled to statutory tolling for the 104-day gap between April 1, 2014 (when the California Court of Appeal denied his state habeas petition) and July 14, 2014 (when Petitioner constructively filed the same petition in the California Supreme Court). (Id. at 8-9.)

On January 19, 2016, the Court accepted the Magistrate Judge's findings and recommendations, entered Judgment against Petitioner, and denied his request for a Certificate of Appealability. (Dkt. 36-38.)

Petitioner filed a Notice of Appeal. (Dkt. 39.) On August 19, 2016, the Ninth Circuit also denied Petitioner's request for a Certificate of Appealability, ruling that Petitioner had not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (Dkt. 44.)

## II.
## PETITIONER'S INSTANT MOTION

On October 25, 2016, Petitioner returned to this Court and moved to vacate the Judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. 46.) Petitioner argues that since he did not receive the California Court of Appeal's April 1, 2014, denial until May 19, 2014, the 104-day gap should be reduced by 48 days, and a 56-day gap is short enough to qualify for statutory tolling. (Id. at 5.) Alternatively, Petitioner argues that the Court should have held an evidentiary hearing to decide when he actually received the denial. (Id. at 9.)

## III.
## DISCUSSION

**A.  The Requirements of Motions for Relief under Rule 60(b).**

Rule 60(b) lists six grounds on which a court may "relieve" a party from a final judgment:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Here, Petitioner moves under subsections (1) and (6). (Dkt. 46 at 4.)

**B.** **Petitioner has Failed to Demonstrate any Mistake in the Judgment or any Other Reason that Justifies Relief.**

After Respondent moved to dismiss the Petition as untimely, Petitioner filed an opposition brief. (Dkt. 29.) Among his exhibits was a 4-page declaration prepared expressly to support his opposition and address Respondent's statute of limitations argument. (Id. at 61-65.)

Nowhere in that declaration did Petitioner say that he failed to receive the Court of Appeal's denial until May 19, 2014. ***To the contrary, in his brief, Petitioner expressly admitted that he "received the denial on April 4, 2014."*** (Id. at 7.) In support of this assertion, he cited to his copy of the denial which bears a handwritten notation by the "filed" stamp: "Rec at Prison 4-4-2014." (Id. at 56.) In his brief, Petitioner explained the 104-day gap between April 1, 2014 and July 14, 2014, saying that he needed the help of other inmates who understand English to "cure any defects in the petition before proceeding to the California Supreme Court" and this "took a little longer" because of his limited access to the law library. (Id. at 8.) This explanation was repeated in his declaration. (Id. at 64, ¶ 10.) The Court rejected this explanation, because Petitioner's state Court of Appeal and state Supreme Court petitions are virtually identical, such that

3

Petitioner failed to show that he reasonably needed more than sixty days to accomplish his California Supreme Court filing. (Dkt. 31 at 11-12.)

With the instant motion, Petitioner submits a declaration that directly contradicts his earlier admission. Now, he says that he did not receive the denial until May 19, 2014. (Dkt. 46 at 15, ¶ 5.) He claims to have attached copies of his incoming mail log as supporting evidence. (Id. at ¶ 6.) Petitioner did attach several pages from his incoming mail log. (Id. at 20-27.) None of these entries, however, shows incoming mail in May of 2014. Rather, one entry shows incoming mail on April 4, 2014, from an attorney, Paul Stubb, of Tustin. (Id. at 23.) Mr. Stubb does habeas work. See, e.g., Resvaloso v. Soto, 2016 U.S. Dist. LEXIS 115873 (C.D. Cal. June 27, 2016) (identifying Paul Stubb as counsel for the petitioner). Thus, Petitioner's incoming mail log appears to corroborate that Petitioner received the denial on April 4, 2014, as he originally told this Court.

In sum, Plaintiff failed to present any evidence while the Court was considering Respondent's Motion to Dismiss showing that he did not receive the Court of Appeal's denial until May 19, 2014. To the contrary, he affirmatively represented that he received it on April 4, 2014, a representation supported by the documents he submitted as exhibits. For this reason, there is no "mistake" or other error infecting the Court's statute of limitations analysis that would warrant relief under Rule 60(b). For the same reason, the Court did not abuse its discretion by failing to hold a hearing to determine when Petitioner actually received the denial.

///
///
///
///
///
///
///

4

## V.
## CONCLUSION

Petitioner's Motion to Vacate the Judgment is DENIED.

Dated: November 2, 2016

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Court Judge

Presented by:

*Karen E. Scott*
_____
KAREN E. SCOTT
United States Magistrate Judge